CULLEN AND DYKMAN LLP
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
C. Nathan Dee, Esq.
Elizabeth M. Aboulafia, Esq.

Proposed Counsel for Cool Power LLC

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
                                         :
In re:                                   :  Chapter 11
                                         :
COOL POWER LLC,                          :  Case No. 15-70927 (LAS)
                                         :
                Debtor.                  :
                                         :
-----------------------------------------------------------------x
```

## MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE ITS CASH MANAGEMENT SYSTEM, (II) MAINTAIN EXISTING BANK ACCOUNTS, AND (III) WAIVE CERTAIN OPERATING GUIDELINES RELATING TO BANK ACCOUNTS

Cool Power LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its proposed attorneys Cullen and Dykman LLP, hereby submits this motion (the "Motion") pursuant to sections 105 and 363 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, et seq. (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an interim order, substantially in the form annexed hereto as Exhibit "A", authorizing the Debtor to (i) continue using its cash management system, (ii) maintain and continue to use existing bank accounts, and (iii) waive certain operating guidelines relating to bank accounts.  The Debtor also seeks entry of a final order, substantially in the form annexed hereto as Exhibit "B", granting the relief requested herein.  In support of the Motion, the Debtor respectfully represents as follows:

1

## INTRODUCTION

1.      On March 9, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

2.      The Debtor has remained in possession of its property and continues in the operation and management of its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      No official committee of unsecured creditors has been appointed by the Office of the United States Trustee for the Eastern District of New York in this chapter 11 case.

4.      Simultaneously with the filing of its petition, the Debtor filed the Affidavit of Alfons J. Schmider pursuant to Local Bankruptcy Rule 1007-4 (the "Schmider Affidavit").  A more detailed factual background of the Debtor's business and operations, as well as the events leading to the filing of this chapter 11 case, is more fully set forth in the Schmider Affidavit, filed contemporaneous herewith and incorporated herein by reference.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.   Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.   This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

6.      The statutory predicates for the relief sought herein are sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## BACKGROUND

7.      As of the Petition Date, the Debtor employed forty-nine (49) individuals to provide a variety of services to residential and commercial customers on Long Island including HVAC installation and maintenance, geothermal cooling and heating, indoor air quality solutions, heating oil delivery, plumbing and appliance repair services.  The Debtor has strong

relationships with a number of manufacturers and provides extensive training to its employees to ensure that it is providing a high level of customer support.  All of the Debtor's projects are custom designed and all ductwork is fabricated on site by a team of skilled metal workers using high quality materials.

*The Debtor's Existing Bank Accounts and Cash Management System*

8.      Prior to the Petition Date, in the ordinary course of the Debtor's business, the Debtor maintained a cash management system comprised of eight (8) bank accounts (the "Bank Accounts") – five (5) at Bank of America, N.A. ("BOA") and three (3) at Teachers Federal Credit Union ("TFCU") – which provide established mechanisms for the collection, management, and disbursement of funds used in its operations (the "Cash Management System").  This Cash Management System enables the Debtor to manage and control corporate funds and ensure cash availability.  The Cash Management System has two main components: (1) cash collection, including credit card receipts from payments made for the services that the Debtor provides is customers and (2) cash disbursements to fund the Debtor's operations.  The Debtor's main receipts are comprised of customer payments for services performed by the Debtor, primarily in the form of credit card payments or manual deposit checks.

9.      The BOA Bank Accounts are used for the following:

- A payroll account (BOA Account No. X1645) (the "Payroll Account") from which the Debtor's payroll processing company withdraws funds to make payment of net payroll checks to the Debtor's employees, payroll taxes, withholding obligations and other employee wage obligations;

- An operating account (BOA Account No. X1629) (the "Operating Account") from which all operating expenses are paid and from which credit card receipts via Paypal and other electronic fund transfers are received;

- A deposit account (BOA Account No. X1637) (the "Deposit Account") into which manual check deposits are made and thereafter transferred on a daily basis into the Operating Account;

3

- A business checking account (BOA Account No. X2288) into which checks requiring immediate clearance are deposited; and

- A money market account (BOA Account No. X8959) (the "Money Market Account") that is used as a savings account.

10.    In addition, the Debtor maintains certain of the Bank Accounts at TFCU for (a) business checking (TFCU Account No. X2864) from which electronic fund transfers are received for the appliance repair segment of the Debtor's business, and (b) savings through a money market account (TFCU Account No. XS41) and a business savings account (TFCU Account No. XS1).  The TFCU savings accounts are generally inactive and hold an aggregate balance of approximately $530.00 as of the Petition Date.

11.    The Operating Account, Payroll Account and Money Market Account are funded by transfers from the Deposit Account in five thousand ($5,000) dollar increments up to approximately fifty thousand ($50,000) dollars on a daily basis.

12.    Generally, the Debtor makes payments to third parties, other than payroll-related payments, from the Operating Account.  Thus, the Debtor issues checks, automated clearing house transfers ("ACH") transfers, and wire transfers to vendors and service providers directly from the Operating Account.

13.    The Debtor pays its employee wages, payroll taxes and withholding obligations on a weekly basis from the Payroll Account.  Funds are debited on the business date prior to the date of each payroll from the Payroll Account through ACH transfers into one or more accounts maintained by Paychex, Inc. ("Paychex"), which is a payroll services provider.  Paychex then issues checks to the Debtor's employees or makes deposits into such employees' accounts, and remits taxes when due to the appropriate taxing authorities.

14.     The Debtor also transfers funds from the Payroll Account to fund certain employee benefits.  Among other things, the Debtor transfers funds from the Payroll Account on a weekly basis for the payment of employees' contributions towards union dues, various disability and life insurances, and other elective employee benefits.

## RELIEF REQUESTED

15.     By this Motion, the Debtor seeks entry of interim and final orders, substantially in the forms annexed hereto as <u>Exhibits A</u> and <u>B</u>, respectively, pursuant to sections 105(a), 363, 364 and 503 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, authorizing the Debtor to (i) continue using its Cash Management System and (ii) maintain its existing Bank Accounts, and (iii) waive certain operating guidelines relating to the Bank Accounts set forth in the U.S. Trustee Guidelines (defined herein).

16.     The Debtor submits that the relief requested herein will help ensure the Debtor's orderly entry into chapter 11 and avoid many of the possible disruptions to the operation of its business that could divert the Debtor's attention from more critical matters during the early days of this chapter 11 case.

## BASIS FOR RELIEF REQUESTED

**A.     <u>The Debtor Should Be Authorized to Continue Using the Cash Management System</u>**

17.     The Debtor requests authority to continue to use its Cash Management System in order to avoid disruption to its business operations and preserve its going concern value.  If the Debtor's business operations are interrupted and payments are halted following the chapter 11 filing, the Debtor will be unable to maximize the value of its estate.  Therefore, it is essential that the Debtor be permitted to continue to utilize its Cash Management System to manage its cash

flow and transfer funds, as needed, in the ordinary course of business in accordance with the procedures employed prior to the Petition Date.

18.     The Cash Management System constitutes a customary and essential business practice for the Debtor.  It allows the Debtor to track all cash payments and to control and monitor corporate funds and ensure cash availability.  Requiring the Debtor to establish a new system of accounts would be unduly burdensome with little corresponding benefit.  Accordingly, the Debtor respectfully requests that the Court authorize the Debtor's continued use of the Cash Management System described herein.

19.     Section 363(c)(1) of the Bankruptcy Code authorizes a debtor to "use property of the estate in the ordinary course of business without notice or a hearing."  11 U.S.C. §363(c)(1).  The purpose of section 363(c)(1) of the Bankruptcy Code is to provide a debtor with the flexibility to engage in its day-to-day transactions without incurring excessive monitoring costs that would result from the need to provide notice of, and obtain approval for, ordinary course activities.  See, e.g., Medical Malpractice Ins. Ass'n v. Hirsch (In re Lavigne), 114 F.3d 379, 384 (2d Cir. 1997); Chaney v. Official Comm. of Unsecured Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.), 207 B.R. 406, 409 (S.D.N.Y. 1997).  The Debtor's ability to continue using the Cash Management System and engage in related routine transactions falls within the parameters of section 363(c)(1) of the Bankruptcy Code.   See Amdura Nat'l Distrib. Co. v. Amdura Corp., Inc. (In re Amdura Corp., Inc.), 75 F.3d 1447, 1453 (10th Cir. 1996); In re Charter Co., 778 F.2d 617, 621 (11th Cir. 1985) (holding that a debtor's request for authority to continue using its existing cash management system is consistent with section 363(c)(1) of the Bankruptcy Code).

20.     To the extent that continuing to use the Cash Management System is beyond the ordinary course of the Debtor's business, the Debtor submits that such use is permitted by sections 363(b)(1) and 105(a) of the Bankruptcy Code.  Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . ."  11 U.S.C. § 363(b).  Courts generally hold that a debtor's decision to enter into a transaction outside the ordinary course of business is governed by the business judgment standard.  <u>See Comm. of Asbestos-Related Litigants v. Johns-Manville Corp.</u> (<u>In re Johns-Manville Corp.</u>), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986).  Section 105(a) of the Bankruptcy Code further empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

21.     Under the circumstances and in light of the Debtor's belief, in the exercise of its business judgment, that continued use of the prepetition Cash Management System is in the best interest of its estate, the Debtor requests that the Court authorize the Debtor to continue using the Cash Management System.

**B.     <u>Certain U.S. Trustee Guidelines Should be Waived</u>**

22.     The operating guidelines relating to bank accounts set forth by the Office of the United States Trustee for the Eastern District of New York (the "U.S. Trustee") pursuant to the *U.S. Trustee's Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees* (the "U.S. Trustee Guidelines"), which were adopted in order to assist the U.S. Trustee in supervising the administration of chapter 11 cases, require chapter 11 debtors to, among other things, (a) close all existing bank accounts; (b) open new debtor-in-possession operating, payroll and tax accounts at certain financial institutions designated as authorized depositories by the U.S.

Trustee; and (c) obtain and utilize new checks for all debtor-in-possession accounts which bear the designation "Debtor-in-Possession" and contain certain other information relating to the chapter 11 case.  Strict enforcement of the U.S. Trustee Guidelines in this chapter 11 case would disrupt the Debtor's ordinary business operations and cause unnecessary concern among its employees, thereby reducing efficiency and causing avoidable expense.

23.    Here, the Debtor's continued use of the Bank Accounts is critical to its smooth and orderly transition into chapter 11.  BOA is designated as an authorized depository by the U.S. Trustee, however it is no longer taking new accounts.  Therefore, if the Debtor was required to close its accounts currently maintained with a bank that is an authorized depository, it would be unable to re-open debtor-in-possession accounts at the same bank.  TFCU is not designated as an authorized depository by the U.S. Trustee, however it a well-established financial institution that has been serving customers on Long Island for over sixty (60) years and the Debtor does not believe that the funds held at TFCU are at risk, particularly given the balances in the TFCU accounts.

24.    All parties in interest in the case will be best served by the continued use of the Bank Accounts because it will minimize disruption to the Debtor's business operations.  To ensure that the maintenance of the Cash Management System does not prejudice any parties in interest, the Debtor will separately record the balances of each of the Bank Accounts as of the Petition Date and track postpetition activity by documenting any postpetition transactions in the Debtor's books and records.  These transactions will also be incorporated into the monthly operating reports that will be filed with the Court during the pendency of this chapter 11 case. Accordingly, the Debtor requests that this Court waive the U.S. Trustee Guidelines requiring that the Debtor close all existing bank accounts and open new debtor-in-possession accounts.

25.     The Debtor further requests that BOA and TFCU, the banks where the Debtor holds its Bank Accounts, be authorized to (a) continue to administer the Bank Accounts in the manner maintained prior to the Petition Date in the usual and ordinary course; and (b) receive, process and honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, as the case may be, drawn or issued by the Debtor (i) after the Petition Date, or (ii) prior to the Petition Date, if such payment has been authorized by Order this Court.

26.     The Debtor also seeks a waiver of the requirement to establish specific accounts for operating, payroll and tax obligations, as it believes that these obligations can be paid most efficiently out of the Debtor's current Bank Accounts through the Cash Management System that was in place prepetition.  The Debtor's Cash Management System is comprised of a separate Payroll Account and Operating Account and, to the extent deemed necessary, the Debtor can designate an existing account for tax payments.  The Debtor submits that the U.S. Trustee can adequately monitor the flow of funds into and out from such accounts and that the creation of new debtor-in-possession accounts designated solely for such obligations would be inefficient and unnecessary.

**C.      Immediate Relief is Necessary to Avoid Immediate and Irreparable Harm**

27.     The Debtor further submits that, because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor, for all of the foregoing reasons and as set forth in the Schmider Affidavit, Bankruptcy Rule 6003 has been satisfied and it is essential that the Court approve the relief requested in this Motion.

28.     The Debtor further seeks a waiver of any stay of the effectiveness of the order approving this Motion.  Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use,

sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court others otherwise." As set forth above, the Cash Management System described herein is essential to prevent irreparable damage to the Debtor's operations and value. Accordingly, the Debtor submits that ample cause exists to justify a waiver of the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h), to the extent it applies.

## NOTICE

29.     Notice of this Motion has been given to (a) the United States Trustee for the Eastern District of New York; (b) the Debtor's twenty (20) largest unsecured creditors; (c) Bank of America, N.A. or its counsel, if known; and (d) Teachers Federal Credit Union or its counsel, if known. The Debtor submits that, under the circumstances, no other or further notice is required.

30.     No previous application for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests entry of the annexed Order granting the relief requested herein, together with such other and further relief as the Court deems just and proper.

Dated:  Garden City, New York
        March 10, 2015
                                        CULLEN AND DYKMAN LLP


                            BY:     /s/ C. Nathan Dee
                                    C. Nathan Dee, Esq.
                                    Elizabeth M. Aboulafia, Esq.
                                    100 Quentin Roosevelt Boulevard
                                    Garden City, New York 11530
                                    (516) 357-3700

**EXHIBIT "A"**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                          :

In re:                                :   Chapter 11
                                            :

COOL POWER LLC,              :   Case No. 15-70927 (LAS)
                                            :

                     Debtor.        :
                                            :
----------------------------------------------------------------x

### INTERIM ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE ITS CASH MANAGEMENT SYSTEM, (II) MAINTAIN EXISTING BANK ACCOUNTS, AND (III) WAIVE CERTAIN OPERATING GUIDELINES RELATING TO BANK ACCOUNTS

Upon the motion (the "Motion")[1] filed by Cool Power LLC, the above-captioned debtor and debtor-in-possession (the "Debtor") pursuant to sections 105 and 363 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, et seq. (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing the Debtor to (i) continue using its cash management system, (ii) maintain and continue to use existing bank accounts, and (iii) waive certain operating guidelines relating to bank accounts; the Court, having reviewed the Motion and having heard the statements of counsel in support of the relief requested in the Motion at the hearing before the Court (the "Hearing"), finds that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. § 157(b)(2), notice of the Motion and the Hearing were sufficient under the circumstances and that no further notice need be given, and the legal and factual bases set forth in the Motion and at the Hearing establish just cause for

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

the relief granted herein and that such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate,

THEREFORE, IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED on an interim basis to the extent set forth herein.

2.  The Debtor shall be and hereby is authorized to continue to manage the collection and disbursement of its cash utilizing its Cash Management System in the ordinary course of business consistent with its prepetition practices, and to collect and disburse cash in accordance with the Cash Management System.

3.  The requirements of the U.S. Trustee Guidelines that the Debtor (i) close all existing Bank Accounts and open new debtor-in-possession accounts and (ii) establish specific bank accounts for operating, payroll and tax payments are hereby waived.

4.  The Debtor may disburse funds from the Bank Accounts by checks, drafts, wires, debits, ACH transfers or by any other means.

5.  BOA and TFCU, the banks where the Debtor holds its Bank Accounts, shall be and hereby are authorized to (a) continue to administer the Bank Accounts in the manner maintained prior to the Petition Date in the usual and ordinary course; and (b) receive, process and honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, as the case may be, drawn or issued by the Debtor (i) after the Petition Date, or (ii) prior to the Petition Date, if such payment has been authorized by Order of this Court.  BOA and TFCU shall be entitled to rely on representations by the Debtor as to which checks are authorized to clear.

6.  The Debtor shall separately record the balances of each of the Bank Accounts as of the Petition Date and track postpetition activity by documenting any postpetition transactions

in the Debtor's books and records to the same extent maintained by the Debtor prior to the Petition Date.

7.      Notwithstanding Bankruptcy Rules 6003, 6004(h) or 7062, the terms and conditions of this order shall be immediately effective upon its entry.

8.      A hearing shall be held to consider the relief granted herein on a final basis on _____, 2015 at __:00 a.m./p.m. before the Honorable _____, United States Bankruptcy Judge, in Courtroom ___ of the United States Bankruptcy Court for the Eastern District of New York, 560 Federal Plaza, Central Islip, New York (the "Final Hearing") and, pending entry of an order following the conclusion of the Final Hearing, the relief granted herein shall remain in effect on an interim basis.

9.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**EXHIBIT "B"**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                              :
In re:                                        :   Chapter 11
                                              :
COOL POWER LLC,                               :   Case No. 15-
                                              :
                      Debtor.                 :
                                              :
-----------------------------------------------------------------x

**FINAL ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE ITS
CASH MANAGEMENT SYSTEM, (II) MAINTAIN EXISTING
BANK ACCOUNTS, AND (III) WAIVE CERTAIN OPERATING
GUIDELINES RELATING TO BANK ACCOUNTS**

Upon the motion (the "Motion")[1] filed by Cool Power LLC, the above-captioned debtor

and debtor-in-possession (the "Debtor") pursuant to sections 105 and 363 of chapter 11 of title

11 of the United States Code, 11 U.S.C. §§ 101-1532, et seq. (the "Bankruptcy Code") and Rules

6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry

of a final order authorizing the Debtor to (i) continue using its cash management system, (ii)

maintain and continue to use existing bank accounts, and (iii) waive certain operating guidelines

relating to bank accounts; the Court, having entered the *Interim Order Authorizing the Debtor to*

*(I) Continue its Cash Management System, (II) Maintain Existing Bank Accounts, and (III)*

*Waive Certain Operating Guidelines Relating to Bank Accounts* (Docket No. ____); and due and

sufficient notice of the Motion and the Interim Order having been given; and it appearing that no

other or further notice need be provided; and upon the record of the hearing before the Court on

_____, 2015 (the "Hearing"); and having found that that the Court has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334, this is a core matter pursuant to 28 U.S.C. §

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

157(b)(2); and it appearing that the relief requested by the Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and it appearing that the relief requested in the Motion is essential to the continued operation of the Debtor's business and the preservation of the value of its assets; and it appearing that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein and that such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate, and after due deliberation and sufficient cause appearing therefor,

THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Debtor shall be and hereby is authorized to continue to manage the collection and disbursement of its cash utilizing its Cash Management System in the ordinary course of business consistent with its prepetition practices, and to collect and disburse cash in accordance with the Cash Management System.

3.      The requirements of the U.S. Trustee Guidelines that the Debtor (i) close all existing Bank Accounts and open new debtor-in-possession accounts and (ii) establish specific bank accounts for operating, payroll and tax payments are hereby waived.

4.      The Debtor may disburse funds from the Bank Accounts by checks, drafts, wires, debits, ACH transfers or by any other means.

5.      BOA and TFCU, the banks where the Debtor holds its Bank Accounts, shall be and hereby are authorized to (a) continue to administer the Bank Accounts in the manner maintained prior to the Petition Date in the usual and ordinary course; and (b) receive, process and honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, as the case may be, drawn or issued by the Debtor (i)

after the Petition Date, or (ii) prior to the Petition Date, if such payment has been authorized by Order of this Court.   BOA and TFCU shall be entitled to rely on representations by the Debtor as to which checks are authorized to clear.

6.     The Debtor shall separately record the balances of each of the Bank Accounts as of the Petition Date and track postpetition activity by documenting any postpetition transactions in the Debtor's books and records to the same extent maintained by the Debtor prior to the Petition Date.

7.     Notwithstanding Bankruptcy Rules 6003, 6004(h) or 7062, the terms and conditions of this order shall be immediately effective upon its entry.

8.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.