UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                                                 :
In re:                                                           :    Chapter 11
                                                                 :
COOL POWER LLC,                                                  :    Case No. 15-70927 (LAS)
                                                                 :
                    Debtor.                                      :
                                                                 :
-----------------------------------------------------------------x

## INTERIM ORDER AUTHORIZING THE DEBTOR TO
## (I) CONTINUE ITS CASH MANAGEMENT SYSTEM AND (II)
## MAINTAIN EXISTING BANK ACCOUNTS PENDING COMPLIANCE
## <u>WITH CERTAIN U.S. TRUSTEE OPERATING GUIDELINES</u>

Upon the motion (the "Motion")[1] filed by Cool Power LLC, the above-captioned debtor and debtor-in-possession (the "Debtor") pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order authorizing the Debtor to (i) continue using its cash management system, (ii) maintain and continue to use existing bank accounts, and (iii) waive certain operating guidelines relating to bank accounts; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been held by the Court on March 11, 2015 (the "Hearing") to consider the relief requested in the Motion on an interim basis; and the Court having reviewed the Motion and heard the statements of Debtor's counsel in support of the Motion; and the Court having determined that the legal and factual bases set forth in the Motion

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and at the Hearing establish just cause for the relief granted herein and that such relief is necessary to avoid immediate and irreparable harm to the Debtor's estate; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis to the extent set forth herein.

2. The Debtor's time to comply with the requirements of the U.S. Trustee Guidelines that the Debtor (i) close all existing Bank Accounts and (ii) open new debtor-in-possession accounts for deposits, operating expenses and payroll (the "DIP Accounts") is hereby extended for a period of not more than sixty (60) days from the Petition Date (the "Transition Period") to enable the Debtor to conduct an orderly transition of its Bank Accounts, provided, however, that the Debtor shall close all Bank Accounts other than the Operating Account and Deposit Account (the "Transition Accounts") maintained at Bank of America ("BOA") and open the DIP Accounts as soon as practicable and not later than March 31, 2015.

3. During the Transition Period until such time as the Debtor has completed the transition of the Transition Accounts to the DIP Accounts, which transition shall be complete not later than the last day of the Transition Period, the Debtor shall sweep funds from the Operating Account into the DIP Account designated for operating expenses and from the Deposit Account into the DIP Account designated for deposits at regular intervals not less frequent than once per week.

4. The Debtor shall utilize its best efforts during the Transition Period to issue new checks, drafts, wires, debits, ACH transfers or other disbursements of funds from the DIP Accounts however, where not practicable given the timing or other requirements, the Debtor is

authorized to disburse funds from the Transition Accounts by checks, drafts, wires, debits, ACH transfers or by any other means.

5. During the Transition Period, BOA, the bank where the Debtor holds the Transition Accounts, shall be and hereby is authorized to (a) continue to administer the Transition Accounts in the manner maintained prior to March 9, 2015 (the Petition Date) in the usual and ordinary course; and (b) receive, process and honor and pay any and all checks, drafts, wires or ACH transfers drawn on the Transition Accounts by the holders or makers thereof, as the case may be, drawn or issued by the Debtor (i) after the Petition Date, or (ii) prior to the Petition Date, if such payment has been authorized by Order of this Court. Subject to the provisions of this Interim Order, BOA shall be entitled to rely on representations by the Debtor as to which checks are authorized to clear.

6. The Debtor shall separately record the balances of each of the Transition Accounts as of the Petition Date and track postpetition activity by documenting any postpetition transactions in the Debtor's books and records to the same extent maintained by the Debtor prior to the Petition Date.

7. Subject to entry of a Final Order, the Debtor is authorized to continue using all existing business forms including, but not limited to, pre-printed checks, correspondence, purchase orders, letterhead, envelopes, promotional materials, and other business forms (the "Business Forms"), substantially in the forms existing immediately prior to the Petition Date, provided that such Business Forms be imprinted with a "**Debtor-in-Possession**" designation. The Debtor shall add the "**Debtor-in-Possession**" designation to any new Business Forms that it obtains or creates post-petition.

8. A hearing shall be held to consider the relief granted herein on a final basis on **April 21, 2015** at **11:00 a.m.** before the Court in Courtroom 760 of the United States Bankruptcy Court for

the Eastern District of New York, 290 Federal Plaza, Central Islip, New York (the "Final Hearing") and, pending entry of a Final Order following the conclusion of the Final Hearing, the relief granted herein shall remain in effect on an interim basis.

9. Debtor shall serve a copy of this Order and notice of the Final Hearing no later than **March 31, 2015** on (a) the Debtor's twenty largest unsecured creditors; (b) the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York, 11722 (Attn: Alfred M. Dimino, Esq.); (c) and any party filing a notice of appearance.

10. Any objections to entry of a Final Order on the Motion must be (a) filed with the Court no later than **April 14, 2015** (the "Objection Deadline") and (b) served on the following parties so to be actually received by the by the Objection Deadline: (a) the Debtor; (b) proposed counsel for the Debtor, Cullen & Dykman LLP, 100 Quentin Roosevelt Blvd, Garden City, NY 11530 (Attn: C. Nathan Dee, Esq. and Elizabeth M. Aboulafia Esq.); (c) the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York, 11722 (Attn: Alfred M. Dimino, Esq.); and (d) any party filing a notice of appearance.

11. Notwithstanding Bankruptcy Rules 6003, 6004(h), the terms and conditions of this order shall be immediately effective upon its entry.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Interim Order.



**Dated: March 25, 2015**
**Central Islip, New York**

_Louis A. Scarcella_
**Louis A. Scarcella**
**United States Bankruptcy Judge**